Filed 12/29/20  P. v. Jackson CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306736 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA349750) |
| v. | |
| RICARDO JACKSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael E. Pastor, Judge.  Affirmed.

Ricardo Jackson, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Ricardo Jackson appeals from an order denying his motion to vacate or stay assessments and fines imposed in 2013 upon his conviction for conspiracy to commit murder. We affirm.

**BACKGROUND**

In 2011, a jury convicted Jackson of conspiracy to commit murder, and the trial court sentenced him to a prison term of twenty-five years to life and imposed a $10,000 restitution fine and several other fines and assessments. We affirmed the conviction in an unpublished opinion. (*People v. Jackson* (Oct. 11, 2013, B237108) [nonpub. opn.] 2013 Cal.App. Unpub. LEXIS 7324.)

On June 5, 2020, Jackson filed a motion to vacate or stay the fines and assessments pursuant to *People v. Duenas* (2019) 30 Cal.App.5th 1157, arguing he had no ability to pay them.

Finding Jackson was "serving an extraordinary time in state prison, and should have adequate time to pay," the trial denied the motion.

Jackson appealed.

Jackson's appellate counsel filed a brief raising no issues on appeal and requesting that we independently review the record pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) to determine if the lower court committed any error. Counsel sent a copy of the brief and the record to Jackson and informed him that he may file a supplemental brief. On October 13, 2020, we sent a letter to Jackson informing him that he may submit by brief or letter any grounds of appeal, contentions, or argument that he wished us to consider.

On December 14, 2020, Jackson filed a supplemental brief, contending that imposition of fines and assessments without a finding on the defendant's ability to pay them violates due process.

"Where a defendant has been afforded all the constitutional protections of a first appeal of right," he is not entitled to our independent review of the record pursuant to *People v. Wende*

2

(1979) 25 Cal.3d 436.  But when *Wende* does not apply, an appellant in a criminal case has the right to file a supplemental brief for our review.  (See *Serrano, supra,* 211 Cal.App.4th at p. 503.)

Due process precludes a court from imposing fines and assessments only if to do so would deny the defendant access to the courts or if the defendant's crimes were driven by poverty.  (*People v. Hicks* (2019) 40 Cal.App.5th 320, 329; see *People v. Caceres* (2019) 39 Cal.App.5th 917 [declining to apply *Dueñas's* "broad holding" beyond its "unique facts"].)

Here, imposition of assessments and fines in no way interfered with Jackson's right to present a defense at trial or to challenge the trial court's rulings on appeal; they were imposed after trial.  And Jackson's crimes—unlike Mrs. Duenas's multiple convictions for driving without a license she could not afford—were not driven by poverty.  The court therefore did not violate his due process rights by imposing the assessments and restitution fines without first ascertaining his ability to pay them.

We are otherwise satisfied that Jackson's counsel has fully complied with his responsibilities.  (See *Serrano, supra,* 211 Cal.App.4th at p. 503.)  Based on our review of the record, the applicable law, and Jackson's supplemental brief, we conclude there is no arguable issue.

3

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

FEDERMAN, J.[*]

_____

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4